IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-10-CR-0102-O |
| | § | NO. 3-11-CV-1766-O-BD |
| CHRISTOPHER YOUNG | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Christopher Young, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

A federal grand jury indicted defendant on two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The firearm alleged in Count 1 of the indictment is a Taurus, Model PT111, 9 millimeter caliber pistol ("the Taurus gun"). The firearm alleged in Count 2 is a Springfield Armory, Model XD-40, .40 caliber pistol ("the Springfield gun"). Prior to trial, defendant agreed to plead guilty to Count 2, and the government agreed to dismiss Count 1. The district court accepted the plea agreement, found defendant guilty of the offense charged in Count 2 of the indictment, and dismissed Count 1 on the government's motion. Although defendant was not convicted of the offense involving the Taurus gun, the fact that he possessed the gun, which was stolen from a pawn shop, was considered for sentencing purposes under U.S.S.G. § 2K2.1(b)(4)(A).[1] Defendant was sentenced to 71 months confinement, followed

---

[1] Section 2K2.1(b)(4)(A) provides for a two-level enhancement of the base offense level if the offense involves a stolen firearm. *See* U.S.S.G. § 2K2.2(b)(4)(A).

by a three-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In one broad ground for relief, defendant contends that his guilty plea was involuntary because his attorney, Assistant FPD Douglas Morris, told him that he would not receive a two-level increase for possessing a stolen firearm that was not related to the offense of conviction. Defendant further alleges that Morris said he would object to the presentence report if the probation officer recommended such an enhancement.

A.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id., citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). Advising a defendant about his potential exposure under the sentencing guidelines is necessarily part of this process. *Id.* However, an erroneous estimate by counsel as to the length of sentence, standing alone, does not vitiate an otherwise voluntary guilty plea. *See Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). As noted by the Fifth Circuit:

> A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands.
>
> Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.

*Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.) (internal citations omitted) (emphasis in original), *cert. denied*, 123 S.Ct. 286 (2002), *abrog. on other grounds, Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Only an actual promise by counsel that a lesser sentence will be imposed, as opposed to an erroneous prediction of leniency, renders a guilty plea involuntary. *See, e.g. Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

B.

The court initially observes that Morris never *promised* defendant that he would receive a lesser sentence. Instead, defendant alleges only that his attorney "agreed to and informed me prior to pleading guilty that if I receive the 2 point enhancement after the Pre-Sentence Report was completed he would prepare objections to the enhancement." (*See* Def. Mot., Young Decl. at 2, ¶ 4). Defendant claims that he signed the plea agreement and pled guilty to Count 2 of the indictment "believing that Mr. Morris would challenge the 2 point enhancement if it was placed against me in the Pre-Sentence Report." (*Id.*, Young Decl. at 2, ¶ 5). These allegations, even if proved, are insufficient to render defendant's guilty plea involuntary. *See United States v. Olivas*, No. 3-10-CV-0544-G, 2010 WL 3659514 at *4 (N.D. Tex. Aug. 20, 2010), *rec. adopted*, 2010 WL 3659444 (N.D. Tex. Sep. 16, 2010), *COA denied*, No. 10-11158 (5th Cir. May 11, 2011).

Moreover, before accepting his guilty plea, the trial judge admonished defendant:

> You should never depend or rely upon any statement or promise by anyone, whether connected with a law enforcement agency, or the Government, *your attorney*, or anyone else as to what penalty will be assessed against you.
>
> You should decide to plead guilty -- or should you decide to plead guilty -- your plea of guilty must not be induced or prompted by any promises, pressures, threats, force, or coercion of any kind. A plea of guilty must be purely voluntary and you should plead guilty only because you are guilty and for no other reason.

(Rerraign. Tr. at 7) (emphasis added). Defendant told the judge that he understood the explanations about the process and the consequences of pleading guilty. (*Id.*). The judge also informed defendant that the court was not bound by the stipulated facts, that it could disregard stipulated facts or take into account facts that are not mentioned in the written stipulations, and that defendant might not be permitted to withdraw his guilty plea in such an event. (*Id.* at 8). Again, defendant said that he

understood the explanations about the sentencing process. (*Id.* at 9). Finally, defendant told the judge that no one made any promises or assurances of any kind in an effort to induce his guilty plea. (*Id.* at 16). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Defendant offers no argument, much less evidence, to overcome that presumption.

To the extent defendant contends that Morris rendered ineffective assistance of counsel by failing to object to the two-level enhancement for possessing a stolen firearm that was not related to the offense of conviction, that argument is without merit. "Criminal accountability based on offenses of conviction . . . is different from sentencing accountability, which considers a wider range of conduct." *United States v. Levario-Quiroz*, 161 F.3d 903, 906 (5th Cir. 1998). Under the sentencing guidelines, relevant conduct includes, "with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Williams*, 610 F.3d 271, 292-93 (5th Cir. 2010), *citing* U.S.S.G. § 1B1.3(a)(2). "Two or more offenses may constitute part of a common scheme or plan if they are 'substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purposes, or similar modus operandi.'" *Id.* at 293, *citing* U.S.S.G. § 1B1.3 cmt. n.9(A). Because the offenses alleged in Counts 1 and 2 of the indictment were part of the same course of conduct and would require grouping under section 3D1.2(d),[2] the trial court properly considered defendant's possession of the stolen Taurus gun for sentencing purposes. *See, e.g. United States v. Watts*, 519 U.S. 148, 156-57, 117 S.Ct. 633, 637-38, 136 L.Ed.2d 554 (1997) (verdict of acquittal does not

---

[2] Section 3D1.2(d) includes firearms offenses covered by section 2K2.1.

prevent sentencing court from considering conduct underlying acquitted charge, so long as that conduct is proved by a preponderance of the evidence); *United States v. Vital*, 68 F.3d 114, 118-19 (5th Cir. 1995), *citing United States v. Byrd*, 898 F.2d 450, 452 (5th Cir. 1990) (conduct charged in dismissed counts of an indictment may be considered as relevant conduct for sentencing purposes); U.S.S.G. § 6B1.2(a) (plea agreement that includes dismissal of a charge does not preclude the conduct underlying the dismissed charge from being considered as "relevant conduct" for sentencing purposes). Any objection by defense counsel would have been futile.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE